**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT HRINUK,

    *Plaintiff*,

v.

PUBLIC SERVICE ELECTRIC & GAS CO. et al,

    *Defendants*.

Civil Action No. 14-988
(JMV) (MAH)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on Defendant Public Service Electric & Gas Co.'s ("PSE&G") motion to dismiss the Third Count of the Amended Complaint under Fed. R. Civ. P. 12(c). D.E. 62. This case concerns Plaintiff's allegation that he was wrongfully terminated from his job at PSE&G after he raised concerns about their inspection practices. PSE&G now argues that Plaintiff's Third Count, alleging common law wrongful termination (also known as a *Pierce* claim) cannot stand in light of Plaintiff's Second Count, alleging wrongful termination pursuant to the New Jersey Conscientious Employee Protection Act ("CEPA"). The Court reviewed all submissions made in support of and in opposition to this motion,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, PSE&G's motion is **GRANTED**.

---

[1] Defendant PSE&G's Memorandum of Law in Support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c), D.E. 62, hereinafter referred to as "PSE&G's Brief," Plaintiff's Brief in Opposition, D.E. 71, hereinafter referred to as "Opposition."

## I. Background & Procedural History

This motion concerns only one count of the four count Amended Complaint. D.E. 1-3, hereinafter "Amended Complaint" or "Am. Compl." Given the limited scope of the motion, the Court will recount the only the relevant facts and procedural history. Plaintiff was employed by PSE&G from approximately 1980 until April 20, 2013. Am. Compl. at ¶5. During that time, he was "forced and directed to sign off on work that he had not actually inspected . . . [and] work he knew had not been done," and was instructed to wrongfully charge repairs to capital accounts. *Id.* at ¶¶6, 7(l). Plaintiff reported these problems to management. *See id.* at ¶¶7(b), (h), (n). Ultimately, Plaintiff was suspended and eventually terminated, which Plaintiff alleges was in retaliation for his reporting the problems. *Id.* at ¶¶14, 26.

Plaintiff's Amended Complaint lists four counts: Count One, against his union, Defendant Local 855 Plumbers & Pipefitters Union ("Local 855") for representing him in bad faith; Count Two, against all Defendants under the New Jersey Conscientious Employee Protection Act ("CEPA") for wrongful termination; Count Three, against all Defendants for common law wrongful termination; and Count Four, against all Defendants for spoliation of evidence. *Id.* at ¶¶27-35.

Plaintiff filed his Amended Complaint in the Superior Court of Essex County on January 15, 2014. D.E. 1-3. Local 855 removed this action to the District of New Jersey on February 11, 2014. D.E. 1. The parties conducted discovery, which was completed in 2015. D.E. 30. PSE&G filed the current motion to dismiss Count Three on May 25, 2017. D.E. 62. Plaintiff submitted an opposition on June 19, 2017. PSE&G replied on June 30, 2017.

## II. Standard of Review

Defendant brings this motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Under Rule 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "The pleadings are 'closed' after the complaint and answer are filed, along with any reply to additional claims asserted in the answer. *Horizon Healthcare Servs., Inc. v. Allied Nat. Inc.*, 2007 WL 1101435, at *3 (D.N.J. Apr. 10, 2007). "Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Bayer Chemicals Corp. v. Albermarle Corp.*, 171 Fed. Appx. 392, 397 (3d Cir. 2006) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988) (internal citations and quotations omitted)).

"In reviewing a decision granting a Rule 12(c) motion, [a court] must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Szczurek v. Prof'l Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (internal citations and quotations omitted); *see Muhammad v. Sarkos*, 2014 WL 4418059, at *1 (D.N.J. Sept. 8, 2014) ("Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim.").

## III. Analysis

The CEPA provides in pertinent part as follows:

> Nothing in this act shall be deemed to diminish the rights, privileges, or remedies of any employee under any other federal or State law or regulation or under any collective bargaining agreement or employment contract; *except that the institution of an action in accordance with this act shall be deemed a waiver of the rights and*

> *remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under the common law.*

N.J. Stat. Ann. § 34:19-8 (West) (emphasis added).

The waiver provision in the CEPA bars Plaintiff from bringing a parallel claim under New Jersey common law when both claims are based on the same conduct. *See Rossi v. Vericare Management, Inc.*, 2016 WL 6892075, at *3 (D.N.J. Nov. 22, 2016). Instead, Plaintiff has to "elect" between pursuing a remedy under the CEPA or common law. *Id.*

The parties agree that Count Two, the CEPA claim, and Count Three, the common law claim, are based on the same alleged conduct. *See* PSE&G's Brief at pg. 1. The only issue relevant to this motion is whether, at this stage of the proceedings, Plaintiff's common-law claim for wrongful termination pursuant to *Pierce v. Ortho Pharmaceuticals Corp.*, 84 N.J. 58 (1980), must be dismissed in light of his CEPA claim. The answer to question turns on the interpretation of "institution of an action" under the CEPA statute.

PSE&G argues that while New Jersey courts have not clearly defined "institution" under the CEPA, there is consensus that a plaintiff should not be allowed to wait until summary judgment to elect which claim to pursue. *See* PSE&G's Brief at pg. 4-7. PSE&G cites a number of cases in support of the position that dismissal of the common law claim is appropriate at the motion to dismiss stage or at the close of discovery. *Id.* Plaintiff cannot point to a case where a plaintiff has been permitted to pursue both claims through summary judgment. Nevertheless, Plaintiff argues that that CEPA should be interpreted broadly and that he should not be forced to elect which claim to continue until the "viability" of the CEPA claim can be determined at the summary judgment stage. Opposition at pg. 1-2.

The Supreme Court of New Jersey has not definitively determined when a claim is "instituted" under the CEPA. However, the Court recently examined this issue in *Westberry v.*

4

*State Operated School District of Newark*, 2017 WL 2216395 (D.N.J. May 19, 2017). *Westberry* cited heavily to *Rossi v. Vericare Management*, which held that plaintiffs need not make their election until the close of discovery, although Judge Wolfson in *Rossi* did acknowledge that other courts in the District have held that the claim is "instituted," for CEPA purposes, when the complaint is filed. *See id.* at *4-5 (citing *Rossi*, 2016 WL 6892075, at *4). Ultimately, the Court decided that "the CEPA waiver provision does not bar Plaintiff's other claims at the motion to dismiss stage," but that plaintiff must elect a remedy "after discovery is complete, and Plaintiff has been provided the opportunity to fully explore the facts at issue." *Id.* at *5. Because discovery in this case has closed, the Court concludes that Plaintiff's claim is barred by the CEPA.[2]

### IV. Conclusion

For the reasons stated above, Defendant's motion is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: January 30, 2018

　　　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.

---

[2] The Court finds that the cases relied on by Plaintiff, *Ballinger v. Delaware River Port Auth.*, 172 N.J. 586 (2002) and *Young v. Schering Corp.*, 141 N.J. 16 (1995), to be inapposite. In *Ballinger*, the New Jersey Supreme Court ruled that the CEPA did not apply to a bi-state agency. 172 N.J. at 601. In other words, the CEPA claim was not legally viable. Here, by comparison, Plaintiff's CEPA claim is legally viable, although it remains to be seen whether he has sufficient evidence to support it. In *Young*, the Supreme Court of New Jersey found that the CEPA waiver provision did not apply to causes of action that were substantially independent of the CEPA claim. 141 N.J. at 29. The Court in *Young* continued that the plaintiff's claims for severance pay, defamation, slander, and malicious interference with prospective employment opportunities were "substantially unrelated" to the plaintiff's CEPA claim and, therefore, could proceed. *Id.* at 31. In the current case, Plaintiff's claim for common law wrongful termination is not substantially independent from his CEPA count.

5